[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes to this court alleging a claim for the reasonable value of services for representation of the defendant John Fabrycki in a proceeding for dissolution of marriage. The plaintiff has introduced their time charges maintained by the firm for the services rendered from December 19, 1991 through July of 1993.
The plaintiff testified that the divorce proceeding was particularly contentious with contested problems through the entire course of representation. The plaintiff further testified that in July 1993 the attorney representing the wife of Mr. Fabrycki joined the plaintiff's law firm and Mr. Manion was required to resign from further representation of Mr. Fabrycki. The plaintiff bills are only for the period of December 19, 1991 through July 31, 1993.
Review of the time charges discloses that the defendant paid a $2400 deposit which deposit was allocated to fees to approximately June of 1991. The balance of the plaintff's for the period June 1992 through July 1993 in the amount of $3876.50. However, the plaintiff acknowledges that the $175 credit due to an increase for billing charges hourly rate which defendant may not have agreed to. The total claim is $3701.50.
The defendant testified that although the services were performed, Mr. Manion withdrew at the most critical time because he had no funds he was unable to hire replacement counsel. Mr.Fabrycki testified that the fees were too high and that he should not be penalized because Attorney Houck joined the Ford, Oberg law firm.
He testified he was unrepresented at the final hearing for CT Page 14577 dissolution of marriage and in his opinion was taken advantage of in the final proceedings because he was unrepresented.
The court, having considered the requirement of Rule 1.5 Conn. Practice Book, finds the billing rate of $130 per hour to be fair and reasonable for the nature of the representation provided. Based on the time records the court finds the services to have been professionally provided and recorded.
The court finds for the plaintiff and awards the sum of $3701.50 as due and owing.
The court in its discretion disallows any interest on the debt.
Award to the plaintiff $3701.50 plus costs.
The court orders $25 per week as a weekly order of payment.
Kocay, J.